## Kleintobb *against* Trescott.

It is not error if the court in their charge to the jury give an abstract answer to an abstract question. If the party desire an answer as connected with the facts of the case, they must be embodied in the proposition.

ERROR to the common pleas of *Luzerne* county.

This was an action of ejectment by John Kleintobb against William Hicks, Lewis Ruby, Enos Trescott and Ebenezer Trescott, for ten acres of land, the site of a saw-mill. The facts of the case are sufficiently stated in the opinion of the court.

*Bellas*, for plaintiff in error.
*Conyngham*, for defendant in error.

The opinion of the Court was delivered by

HUSTON, J.—There was a conveyance for this property to William Trescott, who is dead. · He was a brother of Enos and Ebenezer Trescott, and in February 1826 he conveyed one half of the land and saw-mill to Ebenezer Trescott; in consideration of 1250 dollars. This deed was not recorded until the 15th of February 1832.

On the 11th of February 1828, William Trescott made a deed to Enos Trescott for the other half, which was not recorded until the 28th of August 1832, after the death of William ; in consideration of 1250 dollars.

Between April and December 1830, William became indebted to Nathan R. Penrose in about 55 dollars 7 cents, by a judgment for this sum before a justice. A transcript was entered on the docket of the common pleas, and the land was regularly sold on execution issued thereon. The sale was on the 4th of April 1833, to John Kleintobb, and the sheriff executed a deed to him.

Enos and Ebenezer Trescott had their deeds recorded before the sale, and gave public notice of their title at and during the sheriff's sale. Hicks and Ruby were their tenants.

There was a good deal of evidence of declarations by Enos Trescott

[Kleintobb v. Trescott.]

principally, respecting the situation and rights of the three brothers, and that all had their home at the house and saw-mill, and assisted in working it, except Enos, who was generally working as a carpenter or bridge builder. It appeared that they had all joined in the notes given for the purchase money of the property, and as William appeared to have entered most frequently into contracts, there was evidence that the others had paid debts and more than one judgment against him. No person was called who at any time had been present at any contract between the brothers, or who could prove distinctly the nature of their engagements to or for each other. One witness proved that when Enos had received his deed he gave it to his father-in-law to keep, and said there was no necessity for placing it on record, if William released him from the security for which it was given. Ebenezer was not heard to say any thing about his purchase; but there was some proof that William had received money or property belonging to Ebenezer in Vermont.

Under our act of the 24th of February 1806, requiring the judge before whom a cause is tried to reduce the opinion given to writing, if required, and file the same of record, it is the practice for the counsel in the cause to state certain propositions or points, and to request the opinion of the court on each of them. It is very doubtful whether this act, under the construction put on it and the practice under it, has done most good or harm. It too often happens that counsel, in the zeal and warmth of a trial, state a string of propositions, some of which have not much relation to the matter trying; some of which are mere abstract propositions, equally applicable to any case; and sometimes, in the hurry of business, the counsel mistake the point on which the cause must turn. But since it has been decided that the judge must give an opinion on every point submitted which has any bearing on the cause trying, the judge must answer even what he may see and believe is not to the purpose.

A judge is not bound to answer as to evidence, unless it consists of writing, or other documentary evidence unconnected with parol; but he is often called on to say what would be the law on the written evidence alone; and this seems to have occurred in the present case. The only matters brought before us for revision, are:

The second point, in these words: " that the deeds from William Trescott to Ebenezer and Enos Trescott were fraudulent and void, as against Penrose the judgment creditor." To this the court stated: "that the deeds from William Trescott to Ebenezer and Enos Trescott could not have been fraudulent in their origin against Penrose; for Penrose was not a creditor of William till more than four years after the deed to Ebenezer, and more than two years after the conveyance to Enos, as the deed to Ebenezer is dated 1st of February 1826, and that to Enos 11th of February 1828, and the first item of Penrose's claim is 23d of April 1830."

Third point: " that the deeds were mortgages, and not having

[Kleintobb v. Trescott.]

been recorded within six months, were void under the recording act." To which the court said : " the deeds from William to Ebenezer and Enos Trescott purport, on the face of them, to be absolute conveyances, not mortgages, nor in the nature of mortgages or defeasible deeds, and therefore do not come within the provisions of the recording acts."

Error was assigned on these two points. We know that one was submitted, standing before these ; and the counsel have stated, that after answering the points, the judge gave a charge to the jury on the general law of the case, in which it is not alleged that there was error.

The court, in the matters before us, understood that they were requested by these points to give an opinion on the effect of the two deeds, judging from their contents, apart from any testimony ; and in this point of view there is no error. If what we have, was all that was said to the jury, to be sure we must say it was left on points calculated to mislead them ; but, as the party complaining occasioned this, it would hardly be fair to reverse for this cause. But we know that at least one other point was submitted and answered, and there is no error alleged in the answer ; and the counsel for the plaintiff in error stated that there was a general charge to the jury on the whole case, and no error is alleged in that. We must, then, conclude that the jury were told they must find, if they could, how and why and for what consideration those deeds were given, and whether intended as absolute deeds or to be held as security, and were told correctly what the law would be if found in one way, and how if found in another. When we know that the judge considered the whole case, and gave a charge on the whole facts, and there is no objection to that, we will, generally, not reverse ; because, in answering a point not material if taken literally, the judge has answered it as it was put, and has not, in the answer to a point, stated the whole law of the case.

Judgment affirmed.

# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

WESTERN DISTRICT, SEPTEMBER TERM 1835.